NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2012[*]
Decided June 25, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1858

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 2:08-cr-00157 |
| EDWARD W. WEST, | |
| *Defendant-Appellant*. | Rudolph T. Randa, |
| | *Judge*. |

### O R D E R

Appellant Edward W. West was charged with two 2008 bank robberies in Wisconsin. Three witnesses independently identified him as the robber in a lineup. The lineup was unconstitutional, though, because it was conducted in violation of West's right to counsel. The district court suppressed the evidence of the lineup itself but held after an evidentiary hearing that the witnesses would be allowed to make in-court identifications of the robber. West then

---

[*]This successive appeal has submitted to the original panel under Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is not necessary. The appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

pled guilty to two counts of armed bank robbery and two counts of using a firearm in a crime of violence. His plea agreement preserved his right to appeal the district court's denial of his motion to bar the three witnesses from testifying in court about whether West is the person who robbed the two banks. The agreement also gave him the right to withdraw his guilty pleas if he prevailed on appeal.

In a previous appeal, we vacated the defendant's convictions and remanded for further proceedings because the district court had not made the required findings under *United States v. Wade*, 388 U.S. 218, 240-41 (1967). See *United States v. West*, 628 F.3d 425 (7th Cir. 2010). When a court suppresses evidence of a prior identification of the accused, *Wade* held, the court may still allow in-court identification testimony if the government proves by clear and convincing evidence that a witness's in-court identification testimony would have a basis independent of the earlier, tainted identification procedure. We remanded for further consideration and findings on the issue.

The district court then held a hearing in February 2012 in which the three witnesses testified. Defense counsel was present. Mr. West participated only by telephone, so there were no new in-court identifications or reinforcements of prior viewings of Mr. West. The court issued a written ruling finding that the government had met its burden under *Wade* with clear and convincing evidence with respect to all three witnesses. Defendant West has appealed again.

Whether an in-court identification is sufficiently independent of a tainted pretrial identification under *Wade* has been treated as a mixed question of law and fact. *Young v. Conway*, 698 F.3d 69, 77 (2d Cir. 2012), rehearing en banc denied, 715 F.3d 79 (2d Cir. 2013); *Tomlin v. Myers*, 30 F.3d 1235, 1241 n.12 (9th Cir. 1994); *U.S. ex rel. Thomas v. New Jersey*, 472 F.2d 735, 739 (3d Cir. 1973). Accordingly, we review district court findings of historical facts for clear error but exercise independent judgment in applying the law to those historical facts and resolving the ultimate and decisive question of the independence in-court testimony the witness might give. See *Ornelas v. United States*, 517 U.S. 690, 696-97 (1996) (standard of review for findings of probable cause and reasonable suspicion); *Thompson v. Keohane*, 516 U.S. 99, 110 (1995) (same standard on habeas corpus review of whether suspect was in custody for purposes of *Miranda* warnings); *Sumner v. Mata*, 455 U.S. 591, 597 (1982) (same standard for constitutionality of pretrial identification procedures).

*Wade* instructs courts to consider the following factors, which are not exclusive, when deciding whether a witness has a sufficient independent basis to provide a reliable and admissible in-court identification: "the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by

picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification." 388 U.S. at 241.

West does not challenge the district court's findings regarding two of the witnesses, Graham and Pues. The testimony of those witnesses showed clearly and convincingly under *Wade* an independent basis for in-court identification testimony they could provide. West argues, however, that the district court erred in finding that the third witness, Shikara Amore, would have an independent basis for an in-court identification. We focus our discussion on Ms. Amore's testimony.

The district court applied the *Wade* factors and found that Ms. Amore had a sufficient basis for providing an in-court identification of West as the robber. First, during the robbery, she had been very close to the robber, as close as one foot away. The lighting was good, her view was not obstructed, and she has 20/20 vision. The robber was wearing a sweatshirt with a hood up, but she had a clear view of the side of his face.

Second, her description of the robber given immediately after the robbery was fairly detailed — tall, medium build, big nose, dark complexion — and included accurate descriptions of clothing. Amore's description was consistent with Pues' description of the robber and also fit defendant West well. West point out that Amore estimated the robber's age as late 30's, but he was 50 years old at the time of the robbery. That discrepancy is not large under the circumstances, including the hood, and is consistent with the reliable identification of Pues, who initially described the robber as 38 to 45 years old. The discrepancy is certainly relevant to the overall question, but by itself it does not show that Amore did not have a sound and independent foundation for offering in-court identification testimony.

Third, Amore never identified any other person as the robber, and she never failed to identify West as the robber. Finally, there was only a fifteen day delay between the robbery and the lineup.

West argues that the district court erred in finding that Amore should be allowed to testify under *Wade*. He identifies several items from her testimony in 2012 that he argues undermine the district court's finding. At the most recent hearing, which took place in 2012, nearly four years after the robbery, Amore was unable to answer how far she had been from the robber, though she testified at the first hearing three years earlier that she had been just one foot from him. At the first hearing, she said she was "always nervous" during the robbery but also that she was one hundred percent confident of her identification. At the most recent hearing in 2012, she was less confident. She was also asked whether she had any doubt that she could identify the bank robber in 2012. She answered: "Maybe, but honestly I'm not sure

because, I mean, it's been so long ago. Maybe. I'm not sure." The prosecutor also asked Amore the question the judge had to answer: "if you were asked to identify the defendant today, the bank robber today . . . does the fact that he appeared in a lineup, would that affect your ability to do so?" She answered: "Maybe — ah — I'm not sure."

The difference between Amore's high confidence in her ability to identify the robber several years ago and her more tentative stance at the latest hearing, without Mr. West present in the room, might influence the ultimate weight a jury would give her identification testimony. But the question she was asked is virtually impossible to answer with certainty. She was being asked how confident she would be if asked to identify the robber four years after the robbery and with no suspect or defendant in the room. In any event, the witness's confidence, whether in 2008 or 2012, is not a reliable indicator of the accuracy of the identification. See *Newsome v. McCabe*, 319 F.3d 301, 305 (7th Cir. 20013) (summarizing psychological research). Amore's candor in answering the hypothetical question in 2012 and the shift in her confidence after several years do not show the district court erred in its factual findings or its application of *Wade*.

Amore's uncertainty about the mixed question of law and fact that the judge had to answer — whether the previous lineup identification would affect her identification if the case went to trial — need not have been given any probative weight at all. The witness herself may not be a particularly reliable evaluator, either of her memory generally or of the extent to which her experience in the previous lineup has affected her ability to identify the defendant. Again, that's the judge's job, after consideration of the *Wade* factors and other relevant considerations. The judge did that job, and we find no error in the findings or his application of the law to the facts.

We also find strong support for the district court's finding here in the facts (a) that witnesses Graham and Pues identified West as the robber, (b) that their descriptions just after the robberies were consistent with Amore's, (c) that their testimony is not challenged, and (d) that all three gave their descriptions and made their identifications independently of one another. See *United States v. Williams*, 522 F.3d 809, 812 (7th Cir. 2008) (independent and consistent identifications by multiple witnesses reduce risk of error); *U.S. ex rel. Kosik v. Napoli*, 814 F.2d 1151, 1156 (7th Cir. 1987) (corroborated eyewitness testimony is much less suspect than one person's visual impression). Finally, it is worth noting that there has never been any evidence that the uncounseled and suppressed lineup was actually suggestive in any way.

On remand, the district court complied with our mandate, considered carefully the relevant factors under *Wade*, and found that the government had shown by clear and convincing evidence that all three of the eyewitnesses who had identified West in the uncounseled lineup would have had independent foundations for testifying in court about the

identity of the robber. Our independent review of the record and the district court's findings of historical facts leads us to the same conclusion. As in *United States v. Anderson*, 714 F.2d 684, 686-87 (7th Cir. 1983) (allowing use of in-court identification), the *Wade* factors here weighed heavily in favor of an independent foundation for all three witnesses, including Ms. Amore, to testify in court about the robber's identity. Cf. *Young v. Conway*, 698 F.3d at 82-84 (2d Cir. 2012) (affirming grant of habeas relief where all *Wade* factors indicated that in-court identification would not be independent of unconstitutional pretrial identifications), rehearing en banc denied, 715 F.3d 79 (2d Cir. 2013).

The judgment of the district court reinstating West's convictions and sentence is AFFIRMED.